1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

9
10
11
12
13
14
15

CENTRAL PARK NLV, LLC, LINDEN
NELSON,

       Third-Party Plaintiffs,

v.

THE BUREAU OF LAND
MANAGEMENT,

       Third-Party Defendant.

Case No. 2:10-CV-00404-KJD-LRL

**ORDER**

16
17
18
19
20
21
22
23
24
25
26

       Presently before the Court is Third-Party Defendant Bureau of Land Management's Motion to Dismiss Third-Party Complaint (#22).  Third-Party Plaintiffs, Central Park NLV, LLC and Linden Nelson, filed a response in opposition (#32) and Counter-motion to Amend Third-Party Complaint (#33), to which the BLM replied (#36).  Also before the Court is Counterdefendant Deutsche Bank Trust Company Americas' Motion to Dismiss Counterclaims (#16).  Counterclaimants Central Park NLV, LLC and Linden Nelson filed a response in opposition (#20) to which Counterdefendant replied (#24).

       The BLM asserts that the Court lacks subject matter jurisdiction, because Third-Party Plaintiffs have failed to make allegations demonstrating that the Court has subject matter jurisdiction or that sovereign immunity has been waived.  Now that the case has been removed to federal court,

1   the Court would allow Third-Party Plaintiffs the opportunity to amend their complaint to adequately

2   state jurisdictional grounds if doing so were not futile.  However, Third-Party Plaintiffs have been

3   unable to state adequate grounds for jurisdiction.

4        The third-party complaint alleges a claim for "breach of agreement" and a claim for

5   "interference with prospective business advantage."  However, under the Tucker Act, 28 U.S.C. §

6   1491(a)(1) only the United States Court of Federal Claims entertains jurisdiction on contract claims

7   that exceed $10,000.00.  See also, Wilkins v. United States, 279 F.3d 782, 786 (9th Cir. 2002).

8   Assuming that the claim for interference with prospective business advantage is a tort rather than a

9   contract claim, the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§1346, 1402, 2401(b), 2402,

10  2671-80, does provide a limited waiver of sovereign immunity of the United States, but only where

11  the tort was committed by a federal employee acting within the scope of his employment. See, e.g.,

12  United States v. Smith, 499 U.S. 160, 163 (1991); Nurse v. United States, 226 F.3d 996, 1000 (9th

13  Cir. 2000).

14       However, the party bringing the action under the FTCA must first present "the claim to the

15  appropriate Federal agency. . ." 28 U.S.C. § 2675(a).  The requirement that a claim be filed with a

16  federal agency first, before filing in a United States district court, is jurisdictional and cannot be

17  waived.  See Brady v. United States, 211 F.3d 499, 502 (9th Cir. 2000).  Here, Third-Party Plaintiffs

18  do not argue that they filed an appropriate claim, they only argue that it is unnecessary to do so

19  because 28 U.S.C. § 2675(a) suggests that the provisions requiring a claim to be filed with the

20  appropriate agency do "not apply to such claims as may be asserted under the Federal Rules of Civil

21  Procedure by third party complaint, cross-claim, or counterclaim."

22       These exceptions, however, are not applicable in this case.  Federal Rule of Civil Procedure

23  14(a) "permits the defendant, as third-party plaintiff, to bring in a third-party defendant, defined as

24  one 'who is or may be liable to him for all or part of the plaintiff's claim against him.'" McWhirter

25  Distrib. Co., Inc. v. Texaco, Inc., 668 F.2d 511, 527 (Temp. Emer. Ct. App. 1981)(quoting Fed. R.

26  Civ. Pr. 14(a)).  .  "[W]hile Rule 14 provides the procedural mechanism for the assertion of a claim

2

for contribution or indemnity, there must also exist a substantive basis for the third-party defendant's liability." Kim v. Fujikawa, 871 F.2d 1427, 1434 (9th Cir. 1989). Third-Party Plaintiffs' claims in this action "do not in fact or law constitute a third-party claim to which ancillary jurisdiction would attach." Id. Third-Party Plaintiffs' claims against the BLM do not, nor could the dubious claims, seek "indemnity or contribution with respect to any possible liability to the original plaintiff[,]" nor could the claims be defined as cross-claims or counterclaims. See id.(citing West v. United States, 592 F.2d 487 (8th Cir. 1979)). Therefore, the Court grants the BLM's motion to dismiss.[1]

A district court has discretion to decline to exercise supplemental jurisdiction over a claim if all claims over which it has original jurisdiction have been dismissed or if the claim raises a novel or complex issue of state law. See 28 U.S.C. § 1367(c). Since the Court has dismissed all claims over which it has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over Plaintiff's and Counterclaimants' state law claims. Furthermore, the Court declines to resolve Counterdefendant's motion to dismiss, since Counterclaimants' amended counterclaims arose from the order of the state court to which this case will be remanded.

Accordingly, IT IS HEREBY ORDERED that Third-Party Defendant Bureau of Land Management's Motion to Dismiss Third-Party Complaint (#22) is **GRANTED**;

IT IS FURTHER ORDERED that the remaining action is **REMANDED**;

IT IS FURTHER ORDERED that all other outstanding motions are denied as moot.

DATED this 4th day of February 2011.

_____
Kent J. Dawson
United States District Judge

---

[1]Third-Party Plaintiffs' attempts to recharacterize the claim as arising under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706, fails to circumvent the effect of the Tucker Act and Federal Tort Claims Act, because sovereign immunity is only waived for actions that seek relief for "other than money damages." 5 U.S.C. § 702; Brazos Elec. Power Coop., Inc. v. United States, 144 F.3d 784, 786 (Fed. Cir. 1998). Here, Third-Party Plaintiffs seek monetary relief.